## UNITED STATES v. BROCK, State Bank Com'r of Louisiana, et al.

(District Court, W. D. Louisiana, Shreveport Division. March 18, 1925.)

### No. 1508.

Banks and banking ⊜80(8)—Claim against insolvent bank based on cashier's checks purchased with government funds held entitled to priority.

A claim against an insolvent bank, based on cashier's checks purchased by a postmistress with funds belonging to the government, *held* one in favor of the United States with right to priority of payment under Rev. St. § 3466 (Comp. St. § 6372), which right was not affected by the fact that the claim was filed by, and allowed to, the postmistress and afterward assigned to the United States.

At Law. Action by the United States against J. S. Brock, State Bank Commissioner of Louisiana, and W. L. Perritt, special agent and liquidator. Judgment for plaintiff.

Philip H. Mecom, U. S. Atty., and F. O. Chavez, Asst. U. S. Atty., both of Shreveport, La.

Lee & Lindsey, of Minden, La., for defendants.

DAWKINS, District Judge. The jury has been waived in writing and this case submitted upon an agreed statement of facts together with an admission of the correctness of the facts alleged in the pleadings.

The record shows that Miss Anna M. Shadow, postmistress at Sibley, La., purchased with government funds some five cashier's checks from the Sibley State Bank at said point payable to the postmaster at New Orleans, La., to whom she was required to remit said funds, as follows:

On April 6, 1923, cashier check No. 1775, $10.

On April 14, 1923, cashier check No. 1934, $16.

On April 7, 1923, cashier check No. 1783, $47.50.

On April 11, 1923, cashier check No. 1911, $17.50.

Protest fees, $10.50.

These checks were drawn upon the Exchange National Bank of Shreveport, but payment thereof was refused by the drawee, and all of them protested except one dated April 6, 1923, for $10. The Sibley State Bank closed its doors and went into voluntary liquidation on May 18, 1923. Claims were filed by the postmistress at Sibley upon the several checks, and a certificate was issued by the liquidators for the full amount of $101.50 which was assigned by her to the government. Since that time, a dividend of 30 per cent., or $30.45, has been paid upon the debt, and this suit is to recover the balance of $71.05 as a preferred claim against the liquidators under section 3466 of the Revised Statutes (Comp. St. § 6372), and in event the said officials have distributed the assets and put it beyond their power to pay the petitioner in full from the funds in their possession, then for a personal judgment against them under section 3467 of the Revised Statutes (Comp. St. § 6373).

It is conceded that the defendants still have in their hands sufficient funds to pay the claim as recognized in full; hence it will not be necessary to consider the alternative demand.

The only point of dispute appears to be as to whether the debt was one due to Miss Shadow and subsequently assigned to the government, in which event it is contended that the latter could claim only such rights as were enjoyed by its assignor; or whether the obligation is one due the government as for funds belonging to it, had and received by the bank. I am convinced that the debt is one due the government. The postmistress was merely the agent intrusted with the collection and transmission of the postal funds which at all times belonged to the government, and when she bought the cashier's checks and paid to the bank the money arising from that source, it became legally obliged to account therefor either by seeing that the checks were paid or by returning the money to the government when demand was made therefor. I do not think that the fact that the postmistress filed the claim and received the certificate which was later assigned to the government can change the situation. This was merely the form used for collecting the debt, and the government might in its own name have filed the claim in the first instance, for the money as above stated belonged to it from the moment of its collection by the postmistress—so much so that she might have been prosecuted for any improper use thereof.

My conclusion is that the plaintiff should have judgment for the amount claimed and should be recognized as a privileged creditor to be paid by preference out of the funds in the hands of defendants as required by section 3466 of the Revised Statutes. United States v. Bank of North Carolina, 6 Pet. 29, 8 L. Ed. 12; Bramwell v. United States (C. C. A.) 299 F. 705; Allen et al. v. United States (C. C. A.) 285 F. 678; Beaston v. Farmers' Bank, 12 Pet. 104, 9 L. Ed. 1017.

Decree: It is therefore ordered that there be judgment accordingly.